SC

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jason Allen Campbell,

                    Plaintiff,

v.

Wexford Health Source Inc., et al.,

                    Defendants.

No.    CV 23-08063-PCT-JAT (DMF)

**ORDER**

    Plaintiff Jason Allen Campbell, who is confined in the Mohave County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). On May 25, 2023, the Court granted the Application and dismissed the Complaint because it failed to state a claim with leave to amend. Plaintiff has filed a motion to appoint counsel (Doc. 7), a notice (Doc. 8),[1] and a motion to release information under the Freedom of Information Act (Doc. 10). Plaintiff has also filed a First Amended Complaint (Doc. 9). The Court will deny the motions and dismiss the First Amended Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

    The Court is required to screen complaints brought by prisoners seeking relief

_____

[1] In the notice, Plaintiff states that several attempts have been made on his life by unidentified law enforcement officers and that his health is deteriorating. Plaintiff's statements are vague and unconnected to any specific person. The Court will take no action on the notice, without prejudice to any motion Plaintiff may wish to file that contains an identifiable request for relief and is supported by specific factual allegations against specific persons.

1   against a governmental entity or an officer or an employee of a governmental entity.  28

2   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

3   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

4   relief may be granted, or that seek monetary relief from a defendant who is immune from

5   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

6       A pleading must contain a "short and plain statement of the claim *showing* that the

7   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

8   not demand detailed factual allegations, "it demands more than an unadorned, the-

9   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

10  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice."  *Id.*

12      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

13  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

14  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

15  that allows the court to draw the reasonable inference that the defendant is liable for the

16  misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

17  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

18  experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

19  allegations may be consistent with a constitutional claim, a court must assess whether there

20  are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

21      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

22  must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

23  (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

24  standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

25  U.S. 89, 94 (2007) (per curiam)).

26      If the Court determines that a pleading could be cured by the allegation of other

27  facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

28  of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

JDDL-K

1   Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but
2   because it may possibly be amended to state a claim, the Court will dismiss it with leave
3   to amend.

4   **II.    First Amended Complaint**

5          In his three-count First Amended Complaint, Plaintiff alleges claims for denial of
6   constitutionally adequate medical care, retaliation, and violation of mail rights.  Plaintiff
7   sues the following Wexford Health Sources ("Wexford") employees who work at the
8   Mohave County Jail: Provider Jane Lekeanjia, Medical Supervisor Mike Burup, and Head
9   Medical Supervisor Krystal Pallerito.  Plaintiff also sues the following Mohave County Jail
10  employees: Captain Robert Yollbracht, Lieutenants Sharp and G. Hull, Sergeant
11  Candilaria, and Officers Walker, Riddell, Cabonavitch,[2] Anhalt, Ramsey, Engraph, and
12  Leads.  Plaintiff seeks injunctive, compensatory, and punitive relief.

13         Plaintiff designates **Count I** as a claim for denial of constitutionally adequate
14  medical care.  Plaintiff alleges the following:

15         "After" Defendant Cabonavitch commented that men "always lose the most
16  weight," Plaintiff lost a "massive" amount of weight, dropping from 218 to 171 pounds.
17  (Doc. 9 at 5.)   According to Plaintiff, "It[']s been a constant battle to get anything
18  accomplished in medical" by Defendants Jenkeanjia, Burup, and Pallepito.[3]  (*Id.*)  Pain in
19  Plaintiff's kidneys, liver, and stomach make breathing painful.  He also has bleeding gums.
20  Plaintiff feels like he has been poisoned or has cancer.  He has not been able to get
21  "medical" to perform any tests to determine the cause of his symptoms.[4]  (*Id.*)  Medical
22  staff have ignored obvious medical concerns, as well as his medical history and records.[5]

23  _____

24         [2]   Plaintiff labels Cabonavitch as a "medical officer."   It is unclear whether
    Cabonavitch works for Mohave County or Wexford.

25         [3]  Plaintiff does not allege when and how he sought medical care or describe the
26  responses to his attempts.

27         [4] Plaintiff does not allege when, how, or from whom he sought testing.

28         [5] Plaintiff does not allege what "obvious" medical concerns he had other than weight
    loss and pain, what his medical history and records would show, or that jail officials have
    access to them.

Plaintiff has sought but been denied testing for hepatitis C, HIV, cancer, and toxin screenings. Plaintiff has gotten no relief from medical or jail officials, including Defendants Vollbracht and Candilaria, even though Candilaria knew Plaintiff when he was imprisoned 17 years ago and weighed 247 pounds. When Plaintiff was having trouble breathing and told Candilaria that it was like there was "something behind his heart," she said there was something in the air. (*Id.*)

After leaving the Special Housing Unit (SHU) in January 2022, Plaintiff went to a two-person cell in the General Population housing unit. A second detainee was never placed in the cell with him. Plaintiff's health deteriorated. Plaintiff has never experienced similar treatment, or lack thereof, in other jails and prisons where he has been held.[6]

Plaintiff designates **Count II** as a claim of retaliation. He alleges the following:

During 2021, Plaintiff and Defendant Leads "exchanged words," apparently on the top tier, and Leads ordered Plaintiff to lockdown in his cell. As Plaintiff turned to go down the stairs to his cell, he saw Leads rushing at him, allegedly to harm Plaintiff as retaliation. Plaintiff spun around to face Leads and defend himself but did not use violence towards Leads. Leads sprayed Plaintiff with pepper spray. According to Plaintiff, "Officials retaliated against [him] by putting [him] in SHU for almost a year." (*Id.* at 8.) Plaintiff's weight quickly dropped after he was placed in the SHU. At some point, Defendant Riddell said, "Look what they did to you I'm sure my son wasn't a[] part of it he works for Sher[]iff[,]" while Defendant Walker said "living the dream, more like a nightmare." (*Id.*) According to Plaintiff, both Riddell and Walker "acted with deliberate indifference to the many forms of retaliation" that violated Plaintiff's Eighth Amendment rights. (*Id.*) And officials "like" Defendants Hull, Sharp, Candilaria, and Vollbracht have "ignored it" or are

---

[6] He states that he is only in jail "because people[] and corrupt law enforcement said they murdered [his] babie[]s and gonna murder [his] babie[]s." (*Id.* at 7.) He claims that he has been held for 27 months to "break" him into taking a deal, killing himself, or dying as a result of what he has had to suffer. (*Id.*) Plaintiff was convicted by a jury of manslaughter in Mohave County Superior Court case CR 2021-00262 on February 16, 2023. *See* https://apps.supremecourt.az.gov/publicaccess/minutes.aspx, Minute Entry filed 2/15/2023 [https://perma.cc/M8W3-2ZPV] (last accessed July 11, 2023). Plaintiff has not yet been sentenced. If Plaintiff seeks injunctive relief, he must file a motion and include specific allegations to support that injunctive relief is warranted.

trying to hide what's going on because of their involvement.  (*Id.*)

In addition to asserting general corruption and retaliation, Plaintiff complains of his conditions of confinement, citing unusually bright lighting that interferes with his ability to sleep and officers' waking him at night,  which he characterizes as harassment.  In addition, officers enter Plaintiff's cell while he is sleeping to remove a light shade without first waking him.  Plaintiff perceives these actions as threatening.

Plaintiff designates **Count III** as a claim for violation of his mail rights.  He alleges the following:

Plaintiff "knows that some important mail" was intercepted by mail property officers, including Defendant Anhalt, *or* someone working in the courthouse.  Plaintiff sent letters to the FBI and Social Security but never received responses.  Plaintiff also sent motions to the courts—he does not allege which courts or when—without receiving responses.  Plaintiff is unable to get assistance from Defendant Vollbracht to figure out who or why he has not received responses.  Plaintiff speculates that Vollbracht knows why but will not tell him.  Plaintiff was also called out for court three hours early by Defendant Engraph and another officer, now deceased, "to make sure [he] missed a sc[h]eduled visit that could [have] benefitted [his] defense case."  (*Id.* at 12.)  At the time, Plaintiff was in the SHU and could not be confined with anyone else, so he was locked in a holding cell for two hours.  Apparently, after Plaintiff complained, he was brought downstairs well after the scheduled visit time, and then was taken to court at 11:30.  Defendant Engraph told Plaintiff that the courts decide when an inmate is pulled out for court.  Plaintiff believes that, if true, the court should be held accountable for being corrupt since his visit was from the wife of a witness in his case about the witness' abuse.  Plaintiff's visitation and phone calls are recorded.  Plaintiff claims the courts and law enforcement were afraid of what the witness's wife could have said during her visit, which would have helped Plaintiff's defense.  Plaintiff denies that he ever said that he thinks the federal government is in a conspiracy against him, as Defendant Hull falsely said in response to a grievance.

. . . .

## III.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### A.     Ramsey

Plaintiff sues Defendant Ramsey, but Plaintiff fails to allege any facts against him. That is, Plaintiff fails to allege facts to support when, where, and how Ramsey allegedly violated his constitutional rights.  For that reason, Plaintiff fails to state a claim against Defendant Ramsey, and he will be dismissed.

### B.     Medical Care

In Count I, Plaintiff alleges a claim for denial of constitutionally adequate medical care.  The Ninth Circuit Court of Appeals has held that "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)).  To state a medical care claim, a pretrial detainee must show

(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff generally alleges that he has lost weight since 2021, and has kidney, stomach, and liver pain. Plaintiff does not, however, further describe his symptoms and their severity, nor does he describe any medical condition that he had before he entered jail or allege when and how he notified any Defendant of such condition(s). Plaintiff also fails to allege when, how, and from whom he sought medical evaluation of his symptoms; whether and when he was seen by any medical provider; and whether any examination or tests were performed, or diagnoses given. Plaintiff fails to allege facts to support that any properly named Defendant acted with reckless disregard to Plaintiff's reported symptoms. Accordingly, Plaintiff fails to state a claim for denial of constitutionally adequate medical care. Count I will be dismissed.

. . . .

1

### C.    Retaliation

2      In Count II, Plaintiff asserts a claim of retaliation.  A viable claim of First

3  Amendment retaliation contains five basic elements: (1) an assertion that a state actor took

4  some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

5  and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that

6  the inmate suffered more than minimal harm) and (5) did not reasonably advance a

7  legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005);

8  *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claim requires an

9  inmate to show (1) that the prison official acted in retaliation for the exercise of a

10  constitutionally protected right, and (2) that the action "advanced no legitimate penological

11  interest").  The plaintiff has the burden of demonstrating that his exercise of his First

12  Amendment rights was a substantial or motivating factor behind the defendants' conduct.

13  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's*

14  *Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

15      Plaintiff fails to allege facts to support that any named Defendant has engaged in

16  the alleged acts as retaliation for Plaintiff's exercise of any constitutional right.  To the

17  extent that Plaintiff asserts retaliation for submitting grievances, Plaintiff fails to allege

18  approximately how and when any named Defendant engaged in such conduct or to allege

19  facts to support that any named Defendant engaged in the alleged conduct as retaliation for

20  Plaintiff exercising his rights.  Although pro se pleadings are liberally construed, *Haines v.*

21  *Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a

22  cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal

23  interpretation of a civil rights complaint may not supply essential elements of the claim

24  that were not initially pleaded.  *Id.*  Plaintiff's allegations are vague and conclusory.

25  Accordingly, he fails to state a claim in Count II, and it will be dismissed.

26

### D.    Mail

27      In Count III, Plaintiff asserts a violation of his mail rights.  Generally, a prisoner

28  retains First Amendment rights not inconsistent with his status as a prisoner and with

legitimate penological objectives of the corrections system. *See Shaw v. Murphy*, 532 U.S. 223, 231 (2001); *Clement*, 364 F.3d at 1151. This includes the First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, jail officials may intercept and censor outgoing mail containing escape plans, proposed criminal activity, or encoded messages, *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), and may screen outgoing mail for contraband, *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996); *Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *Martin v. Tyson*, 845 F.2d 1451, 1456-57 (7th Cir. 1988); *Murray v. Edwards Cty. Sheriff's Dep't*, 453 F. Supp. 2d 1280, 1294 (D. Kan. 2006). Jail officials may also withhold incoming mail pursuant to jail regulations that are reasonably related to legitimate detention concerns. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1048-49 (9th Cir. 2002). Thus, to state a claim, a prisoner must allege facts to support that his mail was withheld absent a legitimate penological purpose. *Dennison v. Ryan*, No. 12-15609, 522 Fed. App'x 414, 418 (9th Cir. Apr. 9, 2013) (citing *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008)).

At most, Plaintiff alleges facts to suggest that Defendant Engraph *may* have intercepted letters to Plaintiff. Plaintiff fails to allege *facts* to support approximately when and how Engraph, or any other Defendant, interfered with his mail. That is not sufficient to state a claim for violation of Plaintiff's mail rights. Plaintiff merely assumes that his non-receipt of responses to his letters reflects interference with his mail by jail officials, or others, rather than the far more plausible explanation that responses have not been sent or, if sent, were lost. Accordingly, Count III will be dismissed.

## IV. Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike

the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.     Plaintiff's Motions**

Plaintiff has filed a motion for appointment of counsel.  He seeks appointment of counsel on grounds that he is unable to afford counsel, his detention will greatly limit his ability to litigate the issues in this case, he has limited access to a law library, he has been unable to find pro bono counsel, and he believes a trial will involve conflicting evidence.

There is no constitutional right to the appointment of counsel in a civil case.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Id.*

(quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's motion for appointment of counsel.

Plaintiff has also filed a motion for release of information under the Freedom of Information Act (FOIA). Plaintiff states that he seeks "Pacific names and Pacific Reports," medical records, and video of the alleged "attempt on his life" at the top of stairs by Defendant Leads.

FOIA requires *federal* agencies to make *federal* government records available to the public, subject to some exemptions. 5 U.S.C. § 552(a)(4)(B). Thus, FOIA claims can only be maintained against a *federal* agency. *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981); *Sepehry-Fard v. Santa Clara Co. Ct.*, No. 18-17286, 829 F. App'x 288, 289 (9th Cir. Nov. 16, 2020); *see also Drake v. Obama*, 664 F.3d 774, 785 (9th Cir. 2011) ("FOIA does not apply to any of the Defendants because they are all individuals, not agencies."); *Bettweiser v. Gans*, No. 1:15cv00493, 2017 WL 1217096, at *7 (D. Ida. Mar. 31, 2017), *aff'd* 715 F. App'x 767 (9th Cir. Mar. 22, 2018). Because FOIA does not apply to state records or agencies and Plaintiff has not alleged or shown that he seeks any information from a federal agency, Plaintiff's motion will be denied.

**VI.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

. . . .

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 9) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g)

1   and deny any pending unrelated motions as moot.

2       (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

3   civil rights complaint by a prisoner.

4       (4)    Plaintiff's motions for appointment of counsel (Doc. 7) and for release of

5   information under the Freedom of Information Act (Doc. 10) are **denied**.

6       Dated this 18th day of July, 2023.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:

Name:   _____

Address:_____

Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as: _____ at_____.
(Position and Title)                                        (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as: as: _____ at_____.
(Position and Title)                                        (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as: _____ at_____.
(Position and Title)                                        (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as: _____ at_____.
(Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?         ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____

_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.

☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
         your institution?                                                   ☐ Yes        ☐ No
   b.    Did you submit a request for administrative relief on Count II?       ☐ Yes        ☐ No
   c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes        ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
         did not.   _____
         _____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                     ☐ Yes        ☐ No
   b.   Did you submit a request for administrative relief on Count III?               ☐ Yes        ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?      ☐ Yes        ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                              DATE                                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.