SC

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Allen Campbell,<br><br>Plaintiff,<br><br>v.<br><br>Wexford Health Source Inc., et al.,<br><br>Defendants. | No.   CV 23-08063-PCT-JAT (DMF)<br><br>**ORDER** |

Plaintiff Jason Allen Campbell, who is confined in the Mohave County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  On May 25, 2023, the Court granted the Application and dismissed the Complaint with leave to amend because it failed to state a claim. Thereafter, Plaintiff filed a motion to appoint counsel (Doc. 7), a notice (Doc. 8), a motion to release information under the Freedom of Information Act (Doc. 10), and a First Amended Complaint (Doc. 9).  On July 19, 2023, the Court denied the motions and dismissed the First Amended Complaint with leave to amend within 30 days (Doc. 11).

Plaintiff has now filed a motion for reconsideration of the denial of his motions and dismissal of his First Amended Complaint (Doc. 12).  The Court will deny the motion.

**I.      Standard for Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration is appropriate where the district court "(1) is presented with newly

JDDL-K

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Plaintiff's motion. Plaintiff has not alleged clear error, newly discovered evidence, or that manifest justice will result if reconsideration is denied. The Court previously informed Plaintiff of the standards to state the types of claims for which he seeks relief. Plaintiff is *not* required to prove in a second amended complaint that his constitutional rights were violated in order to state a claim. Instead, in a second amended complaint, Plaintiff should allege any *facts* that support when, where, by whom, and how any of his constitutional rights were violated.

The Court finds no basis to reconsider its July 19, 2023 Order. Thus, the Court will deny Plaintiff's motion for reconsideration.

**II.  Warnings**

    **A.  Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

(2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in the July 19, 2023 Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1)   Plaintiff's motion for reconsideration (Doc. 12) is **denied**.

(2)   Plaintiff is granted **30 days** from the date this Order is filed to file a second amended complaint in compliance with the July 19, 2023 Order.

(3)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

Dated this 14th day of August, 2023.

*James A. Teilborg*
Senior United States District Judge